UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE SPENCER | CIVIL ACTION |
| VERSUS | NO. 10-1678 |
| U.S. DISTRICT COURT JUDGE<br>A. J. MCNAMARA, ET AL. | SECTION "F" (3) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff George Spencer ("Spencer" or "plaintiff") filed the above-captioned matter in this Court against various defendants. On June 11, 2010, this Court granted plaintiff leave to proceed *in forma pauperis* but ordered plaintiff to show cause why certain claims against certain potential judicial and prosecutorial defendants should not be summarily dismissed for failure to state a claim. Plaintiff has filed a Motion to Verify Documented and Transcribed Claims Without Fear of Perjury or Conviction! [Doc. #5], which this Court construes as a response to the Rule to Show Cause.

The Court's review of plaintiff's Complaint and the motion reveals that plaintiff seeks to sue, *inter alia*, District Court Judges A. J. McNamara and Ivan L. R. Lemelle, Magistrate Judge Louis Moore, Jr., the Office of the United States Attorney General, Assistant United States Attorney Jan Maselli Mann, former United States Attorney Harry Rosenberg, former Assistant United States Attorney Spencer Eig and Clerk of Court Loretta Whyte for violations of his civil rights under 42

1

U.S.C. § 1983. Spencer also asserts a civil conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Spencer's claims against these defendants are predicated on numerous judicial decisions made and legal actions taken during plaintiff's federal criminal prosecution, which ultimately resulted in defendant's confinement.

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted.[1]

For the reasons detailed below, **IT IS RECOMMENDED** that plaintiff's claims against potential defendants District Court Judges A. J. McNamara and Ivan L. R. Lemelle and Magistrate Judge Louis Moore, Jr. be summarily dismissed for failure to state an actionable claim.

It is well settled that judges are protected by absolute immunity for actions taken in their judicial capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)). Essential policy considerations support this grant of absolute judicial immunity. A judge's role in the judicial system requires that he enjoy "freedom to determine

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. § 1983. *Mays*, 97 F.3d at 111. Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.*[2] A review of Spencer's complaint and the motion reveals that absolute judicial immunity bars plaintiff's claims against District Court Judges A. J. McNamara and Ivan L. R. Lemelle and Magistrate Judge Louis Moore, Jr. Despite the plethora of exclamation points and question marks in plaintiff's complaint, nothing in either the complaint or the motion reveals that any of the judges acted outside the scope of their judicial capacity.

Also for the reasons detailed below, **IT IS RECOMMENDED** that plaintiff's claims against potential defendants the Office of the United States Attorney General, Assistant United States Attorney Jan Maselli Mann, former United States Attorney Harry Rosenberg and former Assistant United States Attorney Spencer Eig be summarily dismissed for failure to state an actionable claim.

In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Court held that prosecutors are shielded from liability under Section 1983 for certain conduct. After analyzing the absolute immunity afforded prosecutors at common law, the Court concluded that the policy underlying that immunity

---

[2] The Court notes that the doctrine of absolute immunity applies equally to civil RICO claims. *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. Aug. 23, 1993).

3

supports its application to Section 1983 claims. *Id.* at 427. Consequently, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted) (quoting *Imbler*, 424 U.S. at 430-31).

The prosecutorial immunity recognized in *Imbler*, however, does not apply to any and all actions taken by a prosecutor. Rather, the Court fashioned a functional test under which prosecutors are absolutely immune with respect to activities that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Conduct falling within this category is not limited "only to the act of initiation itself and to conduct occurring in the courtroom," *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993), but instead includes all actions "which occur in the course of [the prosecutor's] role as an advocate for the State," *id.* at 273. The Court's review of Spencer's complaint and motion reveals that absolute prosecutorial immunity bars Spencer's claims here. Spencer outlines no actions taken by the potential prosecutorial defendants that were not "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.

Also for the reasons detailed below, **IT IS RECOMMENDED** that plaintiff's claims against potential defendant Clerk of Court Loretta Whyte be summarily dismissed for failure to state an actionable claim.

Although court clerks have a narrower degree of immunity than do prosecutors or judges, "[t]hey have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other

4

actions for damages." *Tarter v. Hurley*, 646 F.2d 1010, 1013 (5th Cir. 1981). The Court's review of Spencer's complaint and the motion reveals that qualified immunity bars Spencer's claims here. Spencer details no action take by Loretta Whyte outside the scope of her official duties as Clerk of this Court. All actions taken by Ms. Whyte were under this Court's rules and orders.

Accordingly,

**IT IS RECOMMENDED** that Spencer's claims against District Court Judges A. J. McNamara and Ivan L. R. Lemelle, Magistrate Judge Louis Moore, Jr., the Office of the United States Attorney General, Assistant United States Attorney Jan Maselli Mann, former United States Attorney Harry Rosenberg, former Assistant United States Attorney Spencer Eig and Clerk of Court Loretta Whyte be DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, his 16th day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**